

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

September 27, 1961

Honorable V. D. Housworth
Executive Secretary
State Board of Barber Examiners
Austin, Texas                    Opinion No. WW-1154

                                 Re:  Whether Class "B"
                                      barbering can be taught
Dear Mr. Housworth:                   in a Beauty School.

          You have requested an opinion from this office
on the following question:

          "In compliance with the amendments
          to Section #9 of the Texas Barber
          Law by the 57th Legislature, can
          Class "B" barbering be taught in
          a Beauty School?"

          Section 9(a) of Article 734a, Vernon's Penal
Code, as amended by House Bill 829, Acts of the 57th
Legislature, Regular Session, 1961, Chapter 287, page
601 provides that:

          "Any firm, corporation, partner-
          ship or person desiring to conduct
          or operate a barber school or college
          in this State shall first obtain a
          permit from the State Board of Barber
          Examiners after demonstrating that
          said school or college has first met
          the requirements of this Section.  Said
          permit shall be prominently displayed
          at all times at such school or college.
          No such school or college shall be
          approved unless such school or college
          requires as a prerequisite to gradua-
          tion a course of instruction of not less
          than twelve hundred (1200) hours, to be
          completed within a period of not less
          than seven (7), months for a 'Class A'
          certificate and not less than one
          thousand (1,000) hours, to be completed
          within a period of not less than six
          (6) months for a 'Class B' certificate;
          . . ."

Section 9(b) of Article 734a, as amended by House Bill 829, provides that:

". . . However, if said school does not care to teach persons who apply for 'Class A' but only 'Class B' certificates, shaving need not be taught."

Section 4 of Article 734a sets forth the two classifications of registered barber or registered assistant barber certificates--namely, "Class A" and "Class B". "Class A" certificates entitle the holder thereof to engage in the practice of barbering in its fullest scope, whereas the holder of a "Class B" certificate must restrict his activities to the bobbing or cutting of the hair. The principal difference between the two classifications of certificates, both as to educational requirements and scope of authority to practice, deals with the shaving or trimming of the beard. The holder of a "Class B" certificate is not entitled to shave or trim the beard, and in turn barber colleges or schools, whose students seek only a "Class B" certificate, need not teach shaving as a part of the student's educational requirements.

Section 9 of Article 734a, as amended by House Bill 829, sets forth the statutory requirements for barber schools or colleges, and with the exception of Section 9(c), which deals with the physical facilities of barber schools or colleges issuing "Class A" certificates; Section 9(f), which deals with instructors in barber schools or colleges issuing "Class A" certificates; and Section 9(g), which deals with the ratio of instructors to students in barber schools or colleges issuing "Class A" certificates, all of such requirements are applicable to all barber schools or colleges regardless of whether their students will be applicants for "Class A" or "Class B" certificates from the State Board of Barber Examiners.

We are of the opinion that there would be no statutory prohibition against a beauty school obtaining from the State Board of Barber Examiners a permit to operate or conduct a barber school or college whose graduates would be eligible for a "Class B" barber certificate. However, prior to the issuance of such permit by the State Board of Barber Examiners to such school or college, the requirements of Section 9(h) of Article 734a, as amended by House Bill 829, must first be met by the school or college furnishing to the State Board of Barber Examiners:

"(1) A detailed drawing and chart of the proposed physical layout of such school, showing the departments, floor space, equipment, lights and outlets.

"(2) Photographs of the proposed site for such school including the interior and exterior of the building, rooms and departments.

"(3) A detailed copy of the training program.

"(4) A copy of the school catalog and promotional literature.

"(5) A copy of the building lease or proposed building lease where the building is not owned by the school or college.

"(6) A sworn statement showing the true ownership of the school or college.

"(7) An application fee of Two Hundred Dollars ($200.00)"

In addition, such barber school or college must, by virtue of Section 9(a) of Article 734a, as amended by House Bill 829, require as a prerequisite to graduation a course of instruction of not less than one thousand (1,000) hours, to be completed within a period of not less than six (6) months, for a "Class B" certificate; and must also include in the school's curriculum those subjects set forth in Section 9(b) of Article 734a, as amended by House Bill 829.

## S U M M A R Y

There is no statutory prohibition against a beauty school being issued a permit to conduct a barber school or college provided that the provisions of Section 9 of Article 734a, as amended by House Bill 829, are met and complied with.

Honorable V. D. Housworth, page 4 (WW-1154)

Yours very truly,

WILL WILSON
Attorney General of Texas

By Pat Bailey
Pat Bailey
Assistant

PB:lgh

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Richard A. Wells
Fred D. Ward
Virgil R. Pulliam

REVIEWED FOR THE ATTORNEY GENERAL
BY: Houghton Brownlee, Jr.